MIDDLETON BELL, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, AND THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK, APPELLANTS.

*Reference — long account — what constitutes.*

APPEAL from an order directing a reference.

The court at General Term said: " This is an action sounding in damages. The defendants contracted to deliver for a term certain, the contents of sinks and privies, and failed to do so.

The pleadings present several issues relating to the subject-matter of the action, and the issues in turn present questions of law which may, considered with reference to the Code of Health, be difficult.

The plaintiff's case depends, however, chiefly upon the number of loads or quantity of soil which could have been taken from the sinks and privies during the period covered by the complaint; but this proof does not necessarily involve the examination of a long account. The number of sinks and privies form one or two items; the average size, one, and, therefore, the quantity another; the value, per load, of the quantity, aggregated and reduced to loads, another; and, doubtless, one or two more matters of figures which a jury could readily handle and easily understand, under the direction of the court and a tabular statement prepared for them. The proposition of the counsel for the defendants seems to present the plaintiff's case concisely, namely : proof as to the number of cart loads which the defendants failed to deliver, and their value per load. It is true

that many details must be proved before the damages are to be estimated; but it is very clear that, in arriving at that result, the number of loads not delivered and their value form the basis of the estimate of damages. The account which the plaintiff claims must be examined, in fact, constituted the items of damage, and relates, therefore, to the subject of the damages sustained, and not to an account proper which is for goods sold or moneys received or collected, or paid out, loaned or expended. It is the commercial or financial account to which the Code relates — the account in trade or in finance, and not a statement of items or elements of damages for a contract broken, which, if fulfilled and prosecuted, might require an examination of items in detail. For example, if the defendants had agreed with the plaintiff to deliver the contents of sinks and privies at a price per load, and had done so, and the plaintiff had refused to pay, the examination of the account in detail might be necessary. It may be said, indeed, that there is in this case no account whatever within the meaning of the Code. It may be said, in addition, that it frequently happens in actions to recover damages under a contract, and tried by a jury, that many items are proved and are to be considered. For example, to recover under a policy of insurance when the defense of fraud is set up, and the proof of the stock destroyed becomes essential. For these reasons the action was not one in which a compulsory reference should have been ordered."

*F. L. Stetson* and *W. P. Prentice*, for the appellants. *Thomas Hooker*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, costs to abide event.